# In the United States Court of Federal Claims

No. 22-62L

(Filed: January 13, 2026)

|  |  |
|---|---|
| **CHARLES J. PENLAND,** *et al.,* | ) |
| *Plaintiffs,* | ) |
| **v.** | ) |
| **THE UNITED STATES,** | ) |
| *Defendant.* | ) |

## ORDER TO SHOW CAUSE

Pending before this Court are the parties' cross-motions for summary judgment. ECF No. 51 (government's motion); ECF No. 61 (Plaintiffs' motion). Yesterday, January 12, 2026, this Court held oral argument on those motions. ECF No. 64; ECF No. 68 ("Tr."). Following oral argument, this Court has determined that Mr. Mark F. ("Thor") Hearne, II — counsel for Plaintiffs, Charles and Carolyn Penland, *et al.* — must **SHOW CAUSE** why he should not be sanctioned for numerous legal contentions in the Plaintiffs' opening brief, ECF No. 61, that appear to entirely lack supporting authority.

### I. ATTORNEY CONDUCT & THIS COURT'S SANCTIONS AUTHORITY

Rule 11 of the Rules of the United States Court of Federal Claims ("RCFC") provides that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

RCFC 11(b)(1)-(2).

The Rule 11 standard for imposing sanctions does not require a finding of bad faith and does not excuse a violation based on a showing of subjective good faith. *See, e.g., Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1313 (Fed. Cir. 2013) (explaining that Rule 11 "allows the imposition of punitive sanctions," "does not involve inquiry into a party's subjective good faith," and "does not require a showing of bad faith"). Instead, "Rule 11 functions to assure that parties assert litigation positions that are *objectively reasonable* at the time of filing." *Id.* (emphasis added). Supreme Court precedent also precludes a "good faith"-type defense to Rule 11 sanctions. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991) ("Rule 11 . . . imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith."). This objective standard is "intended to eliminate any 'empty-head pure-heart' justification[s] . . .." Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment).[1]

We also may enforce the duty of candor[2] — including the duty not to play fast-and-loose with unsupported or knowingly or recklessly false legal assertions — via this Court's inherent powers:

---

[1] "[W]hat constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading, motion or other paper; whether the pleading, motion or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar." Fed. R. Civ. P. 11 Advisory Committee Notes (1983 Amendment).

[2] *See Candor Toward the Tribunal*, Ann. Mod. Rules Prof. Cond. § 3.3 (explaining that the Rule "sets forth the special duties of lawyers as officers of the court to avoid conduct that undermines the integrity of the adjudicative process"). While "[a] lawyer acting as an advocate in an adjudicative proceeding has an obligation to present the client's case with persuasive force[,] [the] [p]erformance of that duty ... is qualified by the advocate's duty of candor to the tribunal." *Id.* "Consequently, although a lawyer in an adversary proceeding is not required to present an impartial exposition of the law or to vouch for the evidence submitted in a cause, the lawyer must not allow the tribunal to be misled by false statements of law or fact or evidence that the lawyer

> Many courts, including the U.S. Supreme Court, the U.S. Court of Appeals for the Federal Circuit, and the U.S. Court of Federal Claims, have held that "[a]ll judicial bodies inherently have the power to sanction parties, or their attorneys, for failure to conform to their rules or to respect their dignity, or for unnecessarily impeding the tribunals' business." *Tecom, Inc. v. United States*, 2006 WL 5616336, *5 (Fed. Cl. May 4, 2006); *see also In re Bailey*, 182 F.3d 860, 864, 864 n. 4 (Fed. Cir. 1999) (citing *inter alia Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), and explaining that "[t]he United States Supreme Court and federal courts of appeals have repeatedly recognized that regulation of attorney behavior is an inherent power of any court of law and falls within the discretion of such court").

*Multiservice Joint Venture, LLC v. United States*, 85 Fed. Cl. 106, 112 (2008) (explaining that "[t]his Court's inherent authority to enter sanctions is embodied in [RCFC 11] (requiring a reasonable inquiry into statements alleged in papers filed), RCFC 16(f) (authorizing sanctions for violations of pretrial orders), RCFC 37 (authorizing sanctions for failure to cooperate during discovery), and 28 U.S.C. § 1927 (allowing the Court to impose costs upon any attorney who 'multiplies the proceedings in any case unreasonably and vexatiously')"), *aff'd*, 374 F. App'x 963 (Fed. Cir. 2010).

## II.   POTENTIALLY PROBLEMATIC LEGAL ASSERTIONS

This is the list of assertions in Plaintiffs' opening brief, ECF No. 61, that Mr. Hearne must address:

1. "North Carolina public policy strongly disfavors the creation of fee estates in strips or 'gores' of land and presumes that strips of land are easements for a specific purpose." ECF No. 61 at 20.[3]

2. "Under North Carolina law the only interest the railroad could acquire was a right-of-way easement." *Id.* at 24; *see also id.* at 30 n.12 ("North Carolina is not unique in its construction of railroad conveyances as granting only a right-of-way easement.").

---

knows to be false." *Id.*; *see also Hanover Ins. Co. v. United States*, 146 Fed. Cl. 447, 450 (2019) (noting "the truism that attorneys must not mislead the court").

[3] Specific page numbers refer to the ECF-stamped pagination in header of the PDF document.

3. "The government wrongly claims that North Carolina law mandates that any conveyance concerning an interest in real property must be presumed to convey title to the fee simple estate. Simply put[:] [t]he government's argument is meritless and frivolous. These provisions of North Carolina law do not apply to *servitudes* such as easements. These provisions concern the construction of conveyances that apply to *estates* in land." *Id.* at 32 (emphasis in original) (citing North Carolina Stat. § 1280 (1883) and N.C. Gen. Statute § 39-1 (2024)).

4. "The other features of these conveyances [at issue], [including] the nominal consideration paid and the description by reference to an existing rail line that had already been surveyed and located by the railroad, suggest that the grantor intended an easement." *Id.* at 33.

This Court was unable to locate in the opening brief, ECF No. 61, any support for the foregoing, quoted legal assertions.

Accordingly, for each quoted legal assertion, *supra*, Mr. Hearne shall:

(1) indicate whether the brief, ECF No. 61, cites any <u>**North Carolina**</u> legal authority in support of the assertion and, if so, (a) identify the authority and (b) on what page that authority is located;

(2) if the brief, ECF No. 61, contains no citations to <u>**North Carolina**</u> legal authority in support of the referenced assertion, Mr. Hearne shall so state. With respect to any legal assertions in this latter category, Mr. Hearne shall nevertheless provide the single best <u>**North Carolina**</u> legal authority he can now locate in support of the referenced proposition (*i.e.*, even if it is not in the brief), along with the precise language upon which he relies from that authority.

Furthermore, with respect to the North Carolina statute at issue (*i.e.*, North Carolina Stat. § 1280 or N.C. Gen. Statute § 39-1), Mr. Hearne during oral argument asserted that a law review article he cited in his reply brief, ECF No. 63, includes North Carolina case law supporting Plaintiffs' argument that the statute does not apply to servitudes. ECF No. 63 at 12-13 (attaching Mahlow W. DeLoatch, Jr., FUTURE INTERESTS – THE RULE IN SHELLEY'S CASE, 4 WAKE FOREST INTRA MURAL L. REV., 132 (January 1968)); *see also* Tr. 63:20—64:10 (pointing this Court only to the referenced law review article, but failing to cite any specific cases). As far as this Court could determine, however, that law review article neither discusses nor cites any case law that is on point. Thus, in response to this show cause order, Mr. Hearne shall further quote for this Court the language from that law review article — not to exceed five sentences and one North Carolina case

citation — that he believes best supports the argument he made in his opening brief and before this Court during oral argument.

Finally, even assuming there is *some* language in the law review article, ECF No. 63 at Exhibit 1, supporting the argument Mr. Hearne made regarding the applicability of the North Carolina statute at issue, Mr. Hearne shall further explain how he could possibly rely on that language in the face of the following North Carolina court decisions: *McCotter v. Barnes*, 247 N.C. 480, 485 (1958) (holding that "the plaintiffs' contention that the Barnes deed conveyed a fee" — and not an easement — "is supported by . . . G.S. [§] 39-1, which provides that a conveyance shall be construed to be a conveyance in fee unless 'such conveyance in plain and express words shows, or it is plainly intended by the conveyance or some part thereof, that the grantor meant to convey an estate of less dignity'"); *Craig v. Southern Ry. Co.*, 262 N.C. 538, 539 (1964) (per curiam) (expressly agreeing with *McCotter* to conclude that a deed "conveyed a fee simple" and not "merely an easement"); *Ruffin v. Seaboard Air Line Ry.*, 151 N.C. 330 (1909) (applying then-§ 1280 to "an instrument creating an easement in fee"); *Crawford v. Wilson*, 43 N.C. App. 69, 70–71 (1979) (considering G.S. § 39-1 in deciding whether a deed conveyed an easement or fee simple interest, holding that "[a]s to the application of this statute, we hold that for reasons stated in this opinion, it was plainly intended by the conveyance to convey an estate of less dignity than fee simple," and distinguishing *McCotter* as having "dealt with a deed to a railroad company" where "the use of the term 'right of way' was descriptive of the use to which the land was to be put and did not limit the quantum of land conveyed").[4]

\* \* \* \*

Mr. Hearne shall respond to this order to show cause why he should not be sanctioned on or before February 11, 2026. The brief shall not exceed 20 pages, 12 pt. Times New Roman, double-spaced, with 1-inch margins (footnotes shall be in 12 pt. font as well).

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Chief Judge

---

[4] In responding to this order, Mr. Hearne is cautioned not to confuse N.C. Gen. Statute § 39-1 with N.C. Gen Statute § 39-1.1.