# In the United States Court of Federal Claims

No. 22-62L

(Filed:  August 4, 2026)

|  |  |
|---|---|
| **CHARLES J. PENLAND et al.,** | ) |
|  | ) |
| *Plaintiffs,* | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **THE UNITED STATES,** | ) |
|  | ) |
| *Defendant.* | ) |
|  | ) |

## <u>ORDER</u>

On July 7, 2026, this Court issued an Opinion and Order, ECF No. 72, granting the government's motion for summary judgment, denying the Plaintiffs' cross-motion for summary judgment, and imposing Rule 11 sanctions against Plaintiffs' counsel, Mr. Mark F. Hearne, II, for, amongst other reasons, "present[ing] categorical statements of North Carolina law . . . without any supporting North Carolina authority, and contrary to the controlling decisions of the Supreme Court of North Carolina." *Id.* at 28; *see also* ECF No. 69 (ordering Plaintiffs' counsel to show cause "why he should not be sanctioned for numerous legal contentions in the Plaintiffs' opening brief, ECF No. 61, that appear to entirely lack supporting authority").

Ultimately, this Court ordered Mr. Hearne to compensate the government for "its time and costs expended on responding to Plaintiffs' cross-motion for summary judgment, as well as for the time government counsel spent preparing and presenting oral argument." ECF No. 72 at 30.  The parties were directed to meet and confer to determine the government's costs and to file a joint status report on or before July 31, 2026.  *Id.*  This Court also ordered Mr. Hearne to pay $5,000 to the Clerk of this Court.  *Id.* at 31.

On July 31, 2026, the parties filed a joint status report, informing the Court that $37,500 represents their agreed-upon sum to be paid to the government.  ECF No. 75. Plaintiffs' counsel further requests that this Court stay the effectiveness of its order pending its appeal of this Court's sanctions decision; the government does not object.  *Id.* The Court **GRANTS** Mr. Hearne's request.

Accordingly, Mr. Hearne is **ORDERED** to pay $37,500 to the government and $5,000 to the Clerk of this Court.  The deadline to tender such payment is conditionally **STAYED**.  If the United States Court of Appeals for the Federal Circuit affirms this Court's sanctions decision, the deadline for both payments is 30 days following the issuance of the affirmance even if Mr. Hearne seeks reconsideration or further review.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Chief Judge

2